**EASTERN AIR LINES, INC.,**
**Plaintiff-Appellee,**

v.

**ATLANTIC RICHFIELD COMPANY,**
**Defendant-Appellant.**

No. 5–39.

Temporary Emergency Court of Appeals.

Argued Sept. 28, 1979.

Decided Nov. 13, 1979.

Lawrence R. Metsch, Paul, Landy & Beiley, Miami, Fla., and Michael J. Myers, Atlantic Richfield Company, Los Angeles, Cal., on brief, for defendant-appellant.

James H. Bratton, Jr., Gambrell, Russell & Forbes, Atlanta, Ga., with whom E. Smythe Gambrell and Donald L. Rickertsen, Atlanta, Ga., and James Knight and Lawrence A. Schroeder, Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., on brief, for plaintiff-appellee.

Before INGRAHAM, MORGAN and GEWIN, Judges.

PER CURIAM:

The interlocutory appeal in this case was certified to us by the district court pursuant to 28 U.S.C. § 1292(b). Having reviewed the record, briefs and oral arguments, we agree with the judgment and reasoning of the district court and accordingly affirm on the basis of its memorandum opinion, 470 F.Supp. 1050 (S.D.Fla.1979). In order to strengthen the foundation upon which the district court decision rests, we add a postscript regarding the recent case of *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148 (5th Cir. 1979).[1]

Atlantic Richfield (ARCO) places heavy reliance on *In re Beef Industry's* finding that a complaint alleging the functional equivalent of a preexisting cost-plus contract is sufficient to state a claim for relief under the antitrust laws. ARCO urges that Eastern, by virtue of the Civil Aeronautics Board (CAB)—authorized fare increases which resulted in large part from the increased fuel costs incurred by all airlines, had the functional equivalent of a cost-plus contract. Therefore, this case fits squarely into the exception recognized by the Supreme Court in *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

ARCO overlooks one important aspect. Even if ARCO could show that the CAB regulations create the functional equivalent of a cost-plus contract, this was not a case involving a *preexisting* functional equivalent. Implicit in the *In re Beef Industry* holding, and still the required minimum under *Hanover Shoe*, is the necessity of a preexisting cost-plus contract or its functional equivalent. "The complaints sufficiently allege that the *impact* of the retail chains' price changes upon the pricing decisions of the packers *is determined in advance* without regard to the interactions of supply and demand." *In re Beef Industry, supra*, 600 F.2d at 1165 (emphasis added). However, the impact of ARCO's alleged overcharge upon the decision of Eastern to seek a fare increase could not be determined in advance without regard to the interactions of supply and demand. Any request for a fare increase by the airlines, including Eastern, would be subject to the CAB policies requiring fares and tariffs, as noted in 14 C.F.R. § 399.31.

It is the policy of the Board that the basic test of the reasonableness of the maximum level of passenger fares for schedules services by trunk and local service carriers in markets with the 48 contiguous states and the District of Columbia is that it produces revenues sufficient to meet the costs, including a fair return on investment, of the operations of the domestic trunkline industry *as a whole.*

. . .

*Id.* (emphasis added).

From this it can be seen that the interaction of supply and demand in the whole airline industry is critical in determining whether or not a fare increase is to be authorized. That effect cannot be determined in advance, but rather, only after the

1. *In re Beef Industry* involved the offensive use of passing on. The plaintiffs alleged that the defendant retail food chains fixed artificially depressed beef prices and then imposed them on the middlemen slaughterers and packers. It was alleged that this in turn caused the middlemen to pass on the undercharge (price depression) to the plaintiff cattle ranchers and feeders.

This price fix was allegedly accomplished by a method whereby one retail chain in a given area would buy its beef in the wholesale market early in the week. The price paid would then be reported on price sheets that immediately became known to the entire wholesale beef trade. The other retail chains would then follow the price sheet in their purchases from the middlemen. The middlemen strictly applied a formula to the wholesale sheet price in order to arrive at the price they would pay to the cattle ranchers and feeders for the cattle. This facilitated the continued depressed prices to the cattle ranchers and feeders.

The district court decision dismissing with prejudice the complaints for failure to state a claim upon which relief could be granted, based on *Illinois Brick*, was reversed by the Fifth Circuit. The court held that the complaints had stated a case within the cost-plus exception of *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968). "The plaintiffs have alleged the functional equivalent of cost-plus contracts." *In re Beef Industry Anti-trust Litigation*, 600 F.2d 1148, 1165 (5th Cir. 1979).

interplay of the market forces, and after the fact of the overcharge. That in turn brings into play the difficulty-of-proof problem which the Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), intimated was the key in *Hanover Shoe*. *See id.* at 732 n.12, 97 S.Ct. 2061, n.12. This difficulty of proof was one major concern of the district court when it ruled against ARCO below. *See* 470 F.Supp. at 1053–54. We share the same concern.

In sum, we believe that *Illinois Brick* and *In re Beef Industry* both recognize that to be legally sufficient, any functional equivalent of a cost-plus contract exception to the *Hanover Shoe* ban against defensive use of passing on must be one that is already in existence, in that its impact on pricing decisions must be known in advance. Such was not the case here with the CAB–regulated fare increase and accordingly, the passing on defense is insufficient as a matter of law.

AFFIRMED.